UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

EULEXIS HERNANDEZ, and other )
similarly situated individuals, )
 )
        Plaintiffs, )
 )
v. )
 )
PROGRESSIVE WASTE SOLUTIONS OF )
FL, INC., )
 )
        Defendant. )
_____)

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

      The Plaintiff, EULEXIS HERNANDEZ, and other similarly situated individuals, sue the Defendant, PROGRESSIVE WASTE SOLUTIONS OF FL, INC., and allege:

      1.    This is an action to recover money damages for unpaid overtime wages and for retaliation under the laws of the United States. This is also an action for retaliation under Florida Statutes Section 440.205[1]. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

      2.    The Court has supplemental jurisdiction over the state law claim for retaliatory discharge because the facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

      3.    Plaintiff, EULEXIS HERNANDEZ ("HERNANDEZ" or "Plaintiff"), is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. HERNANDEZ is a covered employee for purposes of the Act.

---

[1] Plaintiff will also file a charge of discrimination with the EEOC for race/color discrimination. As soon as Plaintiff receives his right to sue, he will move to amend this complaint to include counts of discrimination and retaliation.

4. Defendant, PROGRESSIVE WASTE SOLUTIONS OF FL, INC. ("WASTE SOLUTIONS" or "Defendant"), is a Florida Profit corporation having its main place of business in Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

## COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *HERNANDEZ* AGAINST *WASTE SOLUTIONS*

5. HERNANDEZ re-adopts each and every factual allegation as stated in paragraphs 1 through 4 above as if set out in full herein.

6. This action is brought by HERNANDEZ, and those similarly situated, to recover from WASTE SOLUTIONS unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). WASTE SOLUTIONS is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, WASTE SOLUTIONS operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and WASTE SOLUTIONS obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate

commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of WASTE SOLUTIONS was at all times material hereto in excess of $500,000.00 per annum, and/or HERNANDEZ, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

8. By reason of the foregoing, WASTE SOLUTIONS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or HERNANDEZ, and those similarly situated, was engaged in interstate commerce for WASTE SOLUTIONS. WASTE SOLUTIONS' business activities involve those to which the Act applies. WASTE SOLUTIONS is a waste collection company and, through its business activity, affects interstate commerce. HERNANDEZ's work for WASTE SOLUTIONS likewise affects interstate commerce. HERNANDEZ was employed by WASTE SOLUTIONS as a welder for WASTE SOLUTIONS' business.

9. While employed by WASTE SOLUTIONS, HERNANDEZ routinely worked in excess of 40 hours per week without always being compensated at a rate of not less than one and one half times the regular rate at which he was employed. HERNANDEZ was employed as a welder, performing the same or similar duties as that of those other similarly situated welders who HERNANDEZ observed worked in excess of 40 hours per week without overtime compensation.

10. HERNANDEZ was paid approximately $16.00 per hour by Defendant. His overtime rate was $24.00 per hour.

11. During Plaintiff's first week(s) of employment, Plaintiff worked at least 20 hours of overtime for which he was not compensated.

12. Prior to the completion of discovery and to the best of HERNANDEZ's knowledge, at the time of the filing of this complaint, HERNANDEZ's good faith estimate of his unpaid wages is as follows:

- a. **Overtime Wages**
    i. $16 x 1.5 (overtime rate) x 20 (approximate weekly overtime) = $480
- b. **Liquidated Damages**: $480
- c. **Grand Total**: $960 plus reasonable attorney's fees[2].

13. At all times material hereto, WASTE SOLUTIONS failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that HERNANDEZ, and those similarly situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by WASTE SOLUTIONS to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of WASTE SOLUTIONS who are and who were subject to the unlawful payroll practices and procedures of WASTE SOLUTIONS and were not properly paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of 40 per week.

14. WASTE SOLUTIONS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing HERNANDEZ, and those similarly situated, these overtime wages since the commencement of HERNANDEZ's, and those similarly situated employees' employment with WASTE SOLUTIONS as set forth above, and HERNANDEZ, and those similarly situated, are entitled to recover double damages.

---

[2] Subject to discovery, Plaintiff reserves the right to make a claim for gas and mileage expenses, which the Defendants never reimbursed to Plaintiff. These expenses constituted illegal deductions to Plaintiff's wages.

15. WASTE SOLUTIONS willfully and intentionally refused to pay HERNANDEZ overtime wages as required by the law of the United States as set forth above and remains owing HERNANDEZ these overtime wages since the commencement of HERNANDEZ's employment with WASTE SOLUTIONS as set forth above.

16. HERNANDEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, HERNANDEZ, and those similarly situated, request that this Honorable Court:

A. Enter judgment for HERNANDEZ, and other similarly situated, and against WASTE SOLUTIONS on the basis of WASTE SOLUTIONS' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award HERNANDEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty per week, with interest; and

C. Award HERNANDEZ an equal amount in double damages/liquidated damages; and

D. Award HERNANDEZ reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### JURY DEMAND

HERNANDEZ, and those similarly situated, demand trial by jury of all issues triable as of right by jury.

### COUNT III: FEDERAL (FLSA) STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE AGAINST WASTE SOLUTIONS

17. HERNANDEZ re-adopts each and every factual allegation as stated in paragraphs 1 through 16 above as if set out in full herein.

18. WASTE SOLUTIONS willfully and intentionally refused to pay HERNANDEZ his legally owed wages as required by the laws of the United States and remain owing HERNANDEZ these wages as set forth above.

19. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or ***related to this chapter***, or has testified or is about to testify in such proceeding . . . ." (emphasis added)

20. On or about December of 2016, Plaintiff complained that he needed to get paid for the 20 hours of overtime he worked when he first started working for the Defendant. Around this time, Plaintiff also complained that he should not be obligated to work through his lunch when the Defendant was deducting 30 minutes from his daily pay.

21. Plaintiff's supervisor, Nick Pantano, confronted Plaintiff and told him that he needed to work through lunch regardless and he needed to stop complaining about unpaid overtime or else Plaintiff was going to get himself fired.

22. One of the motivating factors, which caused Plaintiff's termination as described above, was his demand or complaint seeking the payment of overtime wages from the Defendant.

23. Alternatively, HERNANDEZ would not have been terminated but for his complaint about unpaid overtime wages.

24. WASTE SOLUTIONS' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, HERNANDEZ requests that this Honorable Court:

A.     Enter a judgment against WASTE SOLUTIONS for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B.     Reinstatement and promotion and injunctive relief prohibiting WASTE SOLUTIONS from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

**COUNT III: RETALIATORY DISCHARGE**
**UNDER 440.205, FLORIDA STATUTES**

25.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

26.     This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

27.     This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs.

28.     The Defendant is a corporation existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

29.     The acts or omissions giving rise to this complaint occurred in whole or in part in Miami-Dade County, Florida.

30. All conditions precedent to bringing this action have occurred, been performed or been excused.

31. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

32. At all times relevant, Plaintiff was employed by the Defendant as a welder.

33. On or about November of 2016, Plaintiff sustained a work-related injury on his lower back. Specifically, a forklift at the Defendant hit a heavy waste container and the container hit Plaintiff. The impact caused Plaintiff to get injured.

34. Plaintiff immediately notified of the accident to his supervisor, Ramon (ULN) and Plaintiff requested medical treatment. In response, Mr. Ramon instructed Plaintiff to "get an ibuprofen from Roli".

35. The above-referenced work-related injury caused Plaintiff ongoing pain and Plaintiff continued to request medical treatment, but he was ignored.

36. Approximately one week later, Plaintiff was called into a meeting with another supervisor, Nick Pantano. At the meeting, Plaintiff again reminded his supervisors that he was in need of a doctor because the pain to his lower back was not going away and this was interfering with his ability to push the waste containers.

37. In response to Plaintiff's complaint, Mr. Pantano warned that Plaintiff must stop complaining or else he would be fired.

38. Because Plaintiff did not want to lose his job, he continued working, taking pain killers and seeing his own doctors.

39. On or about February 17, 2017, Plaintiff was again called to a meeting.

40. At the meeting, Plaintiff was again confronted because he had been heard complaining about the lower back pain caused by the pushing of the waste containers.

41. Plaintiff replied that the reason he keeps complaining is because the work-related accident in November injured him to the point that he continuously undergoes pain in his lower back. Plaintiff again requested to please get medical treatment.

42. Defendant denied Plaintiff's request. In fact, not once did the Defendant offer medical treatment for Plaintiff, or upon information and belief, reported Plaintiff's accident to its insurance carrier.

43. Instead of providing medical treatment as the law mandates, the Defendant fired Plaintiff and did not allow him to re-commence work.

44. Plaintiff's injury alleged above required medical treatment.

45. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason or one of the motivating factors for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation or benefits under the Workers' Compensation Law, as Plaintiff was entitled to do.

46. One of the motivating factors which caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

47. Alternatively, the Plaintiff would not have been fired but for his claiming or attempt to claim worker's compensation benefits as described above.

48. The Defendant's act of discharging of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

49. By reason of Defendant's wrongful act as described above, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

50. The Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant WASTE SOLUTIONS for all back wages from the date of discharge and all other damages available under 440.205 Florida Statutes; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: May 15, 2017.

By: ___/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503.5131
Facsimile: (888) 270.5549